**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto ORTIZ, Defendant–Appellant.**

**No. 92–6281.**

United States Court of Appeals, Tenth Circuit.

May 20, 1993.

---

Fred L. Staggs and Francis R. Courbois, Oklahoma City, OK, for defendant-appellant.

Joe Heaton, U.S. Atty., and Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

Before BALDOCK and BRORBY, Circuit Judges, and VRATIL, District Judge.*

BALDOCK, Circuit Judge.

Defendant Alberto Ortiz appeals his guidelines sentence imposed by the district court following his guilty plea to using a telephone to facilitate a conspiracy to distribute marijuana and cocaine. 21 U.S.C. § 843(b). Defendant contends that the district court's determination of the quantity of drugs for the base offense level calculation, which was based solely on a confidential informant's out of court statements, is clearly erroneous. Our jurisdiction arises under 18 U.S.C. § 3742, and we reverse.[1]

---

* The Honorable Kathryn H. Vratil, District Judge, United States District Court, District of Kansas, sitting by designation.

1. Defendant also contends that the district court's reliance on the confidential informant's out of court statements violated his constitutional rights to confrontation and due process. Given our holding, we do not address the constitutional issues.

Defendant was charged with one count of conspiring to distribute and possess with intent to distribute marijuana and cocaine, 21 U.S.C. § 846, and five counts of using a telephone to facilitate a conspiracy to distribute marijuana and cocaine, *id.* § 843(b). Defendant entered a guilty plea to one telephone facilitation count. Defendant admitted that he had purchased pound quantities of marijuana from Ignacio Escareno approximately every six months. Defendant also admitted that he divided the marijuana purchased from Escareno into three portions, distributed two of the portions to two friends, and kept the remaining portion for personal consumption. Defendant further admitted that he used the telephone on three occasions in July 1991 to arrange a marijuana purchase from Escareno.

According to the presentence report, a confidential informant indicated that, between April 1990 and October 1991, Defendant sold three to five pounds of marijuana per week and three to five ounces of cocaine per month. Based on the confidential informant's information, the presentence report concluded that Defendant was responsible for 163 kilograms of marijuana (five pounds per week for seventy-two weeks) and fifty-four ounces of cocaine (three ounces per month for eighteen months), which translated to a marijuana equivalent of 469 kilograms and a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(8); *id.*, comment. (drug equivalency tables). Defendant filed written objections to the presentence report specifically disputing the factual basis for the quantity of drugs. The district court conducted an evidentiary hearing to resolve the disputed factual issues.

FBI Special Agent James Judd testified that confidential informants had indicated that Defendant distributed three to five pounds of marijuana per week and three to five ounces of cocaine per month from April 1990 to October 1991. Agent Judd also testi-

fied that law enforcement had intercepted telephone conversations, in July 1991, between Defendant and Escareno in which they discussed Defendant's purchase of $2,300 worth of marijuana. Agent Judd testified that $2,300 worth of marijuana would be approximately one kilogram.

The record before us reveals that in response to specific questions by the district court concerning the reliability of the confidential informants, the government proffered the testimony of FBI Special Agent Jose Contreras.[2] Agent Contreras testified that only one of the two or three confidential informants who gave information regarding Defendant had indicated that Defendant was dealing three to five pounds of marijuana per week and three to five ounces of cocaine per month from April 1990 to October 1991. When specifically questioned by the district court concerning this particular informant's reliability, Agent Contreras testified that this particular informant had previously provided information that certain individuals would be at certain locations which had been corroborated by government surveillance. Agent Contreras also testified that this informant had provided information that particular individuals were involved in the drug trade, and the government later confirmed this information. Agent Contreras testified that he thought the informant stated that he saw Defendant in possession of marijuana but he did not know the particular quantity witnessed. Agent Contreras admitted that the informant never provided any information leading to the seizure of any marijuana, and no marijuana was seized from Defendant.

The district court denied Defendant's motion for disclosure of the confidential informant's identity to protect the safety of the informant who was still participating in government investigations. The district court found that Agent Contreras' testimony concerning the confidential informant's past reliability established the informant's credibility.

---

2. The government initially attempted to corroborate the confidential informant's information with the testimony of Ruben Venegas. Venegas testified that he first met Defendant while they were both incarcerated at the Oklahoma City Detention Center, and Defendant admitted to him that he sold $60,000 per week of marijuana

and cocaine for Escareno. Defendant presented the testimony of three witnesses in order to discredit Venegas' testimony. The district court expressly refused to rely on Venegas' testimony in determining Defendant's sentence. *See* Fed. R.Crim.P. 32(c)(3)(D)(ii).

The district court further found that Defendant's telephone conversations with Escareno regarding the sale of $2,300 worth of marijuana, and Defendant's admission to purchasing marijuana from Escareno and dividing it with two friends corroborated the confidential informant's information. However, the district court found that there was insufficient evidence to find that Defendant was dealing cocaine. The district court determined that Defendant was responsible for approximately ninety-seven kilograms of marijuana (three pounds of marijuana per week over seventy-two weeks), resulting in a base offense level of 24.[3]

■ We review the district court's factual finding concerning the quantity of drugs for which a defendant may be held accountable under a clearly erroneous standard. *United States v. Bernaugh,* 969 F.2d 858, 864 (10th Cir.1992). We will not disturb this finding "unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made." *Id.* (citation omitted). However, our review of the district court's legal interpretation of the guidelines is de novo. *United States v. Agbai,* 930 F.2d 1447, 1448 (10th Cir.1991).

■ The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. *United States v. Reyes,* 979 F.2d 1406, 1410 (10th Cir.1992). While Defendant was convicted of an offense involving approximately one kilogram of marijuana, the district court must consider "all quantities of contraband with which he was directly involved, and ... all reasonably foreseeable quantities ... that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, comment. (n. 2) (Nov. 1992). *See also United States v. Rutter,* 897 F.2d 1558, 1562 (10th Cir.), *cert. denied,* 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). Because the government did not seize any drugs, the district court was required to "approximate the quantity," U.S.S.G. § 2D1.1, comment.

(n. 12) (Nov. 1992), and, in doing so, the district court could rely on a government estimate. *See, e.g., United States v. Sturmoski,* 971 F.2d 452, 462 (10th Cir.1992). However, the information underlying the estimate must possess "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a) (Nov. 1992). *See also United States v. Cook,* 949 F.2d 289, 296 (10th Cir. 1991) (information relied on at sentencing must have "a minimum indicia of trustworthiness").

■ The only evidence in the record supporting the district court's finding that Defendant distributed ninety-seven kilograms of marijuana is an out of court statement by a confidential informant. While the guidelines permit the use of out of court statements by unidentified informants in resolving factual disputes at sentencing, the statement must have " 'sufficient corroboration by other means.' " *See* U.S.S.G. § 6A1.3, comment. (Nov. 1992) (quoting *United States v. Fatico,* 579 F.2d 707, 713 (2d Cir.1978)). *See also United States v. Beaulieu,* 893 F.2d 1177, 1181 (10th Cir.) ("reliable hearsay ... may be used at sentencing"), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). The sentencing commission clearly expressed its intent that "[u]nreliable allegations shall not be considered." U.S.S.G. 6A1.3, comment. (Nov. 1992) (citing *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972)). *Cf. United States v. Reid,* 911 F.2d 1456, 1463–64 (10th Cir.1990) ("defendant has a due process right not to be sentenced on the basis of materially incorrect information"), *cert. denied,* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).

The district court relied on Defendant's admission to purchasing and distributing to two friends pound quantities every six months and the intercepted telephone conversations, which establish a one-time purchase of $2,300 worth of marijuana (approximately one kilogram), to corroborate the confidential informant's information that Defen-

---

3. The district court denied Defendant's request for downward adjustments based on his mitigating role, U.S.S.G. § 3B1.2 (Nov. 1992), and acceptance of responsibility, *id.* § 3E1.1, thereby leaving Defendant's offense level at 24. Defen-

dant had a criminal history category of II which led to a guideline range of fifty-seven to seventy-one months. *See id.* (sentencing table). The district court sentenced Defendant to the statutory maximum of forty-eight months.

dant distributed three pounds of marijuana per week over an eighteen month period. Certainly Defendant's admission and the telephone conversations establish that Defendant purchased marijuana from Escareno and distributed it; and, to this extent, they corroborate the confidential informant's information that Defendant was distributing marijuana. However, the relevant issue is not whether Defendant distributed marijuana, but rather the quantity of marijuana that Defendant distributed.

Defendant's admission and the intercepted telephone conversations provide no corroboration that Defendant was distributing three pounds of marijuana per week over an eighteen month period. Indeed, Defendant specifically denied that he distributed three pounds of marijuana per week from April 1990 to October 1991, and the telephone conversations are equally corroborative of Defendant's admission that his drug activity was limited to purchasing pound quantities from Escareno every six months and dividing it with two friends. *See United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir.) ("[W]hen choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution."), *cert. denied*, 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990).

Our review of the record reveals absolutely no corroboration of the confidential informant's statement that Defendant distributed three pounds of marijuana per week over an eighteen month period. No marijuana was ever seized from Defendant (or from Escareno). The government presented no evidence that Defendant ever distributed marijuana other than Defendant's admission to distributing to two friends. The only evidence that Defendant was ever even in possession of marijuana was Defendant's admission and Agent Contreras' testimony that he thought the informant had said that he had seen Defendant with some unknown quantity of marijuana on one occasion. The government's telephone intercept which extended for nearly two months revealed only the one transaction between Defendant and Escareno for $2,300 worth of marijuana. *See Walton*, 908 F.2d at 1302-03 (evidence that defendants sold particular quantity of cocaine

weekly during three month period was insufficient to infer that defendants sold same quantity over entire two-year period, notwithstanding subsequent seizure of drug paraphernalia and cocaine traces from defendants' home).

■ The district court evidently believed that because the confidential informant provided reliable information to law enforcement in the past, it could rely on the confidential informant's out of court statement regarding the quantity of marijuana Defendant distributed without any independent corroboration. This is contrary to the sentencing commission's intent expressed in the commentary to U.S.S.G. § 6A1.3. The fact that the confidential informant had proven reliable in the past is simply not "sufficient corroboration by other means" of the informant's information regarding the quantity of marijuana that Defendant distributed.

Because there is no corroboration in the record before us of the confidential informant's information that Defendant distributed three pounds of marijuana per week from April 1990 to October 1991, the district court's finding that Defendant is responsible for ninety-seven kilograms of marijuana is clearly erroneous. Defendant's sentence is REVERSED and the case is REMANDED to the district court with instructions to VACATE Defendant's sentence and resentence him consistent with this opinion.