46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven D. HIGERD, Defendant-Appellant.
 No. 94-3215.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and TACHA, Circuit Judges; and ALSOP, Senior District Judge.[2]
 
 MOORE
 
 2
 Steven Higerd appeals his sentence for distribution of LSD. He urges the court erroneously calculated the quantity of drugs used to establish his base offense level and seeks recalculation and resentencing. Finding no error, we affirm.
 
 
 3
 In December 1990, defendant was released from the U.S. Disciplinary Barracks (USDB) at Fort Leavenworth, Kansas, having completed his sentence for distribution of marijuana. A year later, an inmate informant told authorities defendant was supplying LSD to inmates at USDB. Following the informant's directions, Ed Fluekiger, a U.S. Postal Inspector, ascertained defendant's California address and mailed him a $25 postal money order with a note asking whether his services were available in the Kansas City area. Two weeks later, Inspector Fluekiger received a reply, 20 hits of LSD, and a note saying, "Yes we can." Defendant's prints were on the envelope and note. A subsequent search of USDB inmate Michael Loan's cell uncovered 150 doses of LSD. In a sworn statement, Loan attributed the LSD to defendant and described how he had parcelled out 50 doses of the original 200 to another inmate, Aaron Trammel. Inmate Trammel described how he received LSD from Loan and how his sister purchased LSD for him from defendant. Other inmates authorities interviewed offered details of similar dealings.
 
 
 4
 On March 14, 1994, defendant pled guilty to one count of distribution of LSD. Based on the information contained in the Presentence Report (PSR) and the testimony of Postal Inspector Richard Lawson who read Inspector Fluekiger's report, the trial court overruled defendant's objections and set the base offense level at 14. This total included not only the 20 doses for which he pled, but also the 150 doses later found in Loan's cell. Finding a two-level downward adjustment appropriate for defendant's acceptance of responsibility, the district court imposed a sentence of twenty-seven months' imprisonment and three years of supervised release.
 
 
 5
 The district court set forth its reasons for attributing the 200 doses to defendant as relevant conduct. In addition to finding the PSR accurate by a preponderance of the evidence, the court explained Inmate Loan's statement was both reliable and corroborated by that of Inmate Trammel and other inmates; the 150 doses found in Inmate Loan's cell could only have come from some outside source; and the sale to the postal inspector effected by following the same means further corroborated the statements upon which the court relied.
 
 
 6
 Defendant contends these findings are clearly erroneous, based entirely on the uncorroborated out-of-court statements of informants whose cooperation was tainted by self-interest. Defendant relies principally on United States v. Ortiz, 993 F.2d 204, 207-08 (10th Cir.1993), in which we held absent independent corroboration, estimates of drug quantities for sentencing purposes must contain some indicia of reliability. Defendant insists the independent corroboration relied upon here was the statements of inmates supporting other inmates. To compound the error, he asserts, the sentencing court permitted the postal inspector's report to be read at the sentencing hearing, depriving him of the opportunity to cross-examine. We disagree with these arguments.
 
 
 7
 Under 1B1.1 of the Sentencing Guidelines, the sentencing court first determines the base offense level provided by 2D1.1 depending upon the amount of drugs attributable to the person convicted of violating 21 U.S.C. 841(a)(1). The court may also consider any relevant evidence "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. 6A1.3. Nevertheless, the government must prove the additional quantities by a preponderance of the evidence. United States v. Richards, 27 F.3d 465, 468 (10th Cir.1994).
 
 
 8
 Despite defendant's artful recharacterization of the facts, this case is not Ortiz, where the only evidence to estimate drug quantity was the uncorroborated statement of a confidential informant, no drugs ever having been seized from Ortiz. In contrast, the evidence of the postal inspector's purchase of LSD by following the inmate's instructions was not only the basis for the charge of conviction but also the pivotal independent evidence against which the inmates' statements could be found reliable. We have recently stated:
 
 
 9
 [S]ame course of conduct "looks to whether the defendant repeats the same type of criminal activity over time. It does not require that acts be 'connected together' by common participants or by an overall scheme. It focuses instead on whether defendant has engaged in an identifiable 'behavior pattern' of specific criminal activity."
 
 
 10
 United States v. Roederer, 11 F.3d 973, 979 (10th Cir.1993) (quoting United States v. Perdomo, 927 F.2d 111, 115 (2d Cir.1991)) (citation omitted). Reviewing its findings for clear error, we conclude the district court properly articulated the identifiable behavior pattern to substantiate the connections between the conduct of conviction and the additional drugs found. These findings are not clearly erroneous. We therefore AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Donald D. Alsop, Senior District Judge of the United States District Court for the District of Minnesota, sitting by designation