51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil Paul LOCKETT, Defendant-Appellant.
 Nos. 94-6249, 94-6251.
 United States Court of Appeals, Tenth Circuit.
 March 27, 1995.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and BRATTON,[2] Senior District Judge.
 
 
 2
 Cecil Paul Lockett was convicted by a jury of possession of crack cocaine with the intent to distribute it, in violation of 21 U.S.C. 841(a)(1), and for maintaining a premises for distribution of a controlled substance, in violation of 21 U.S.C. 856(a)(1) and 18 U.S.C. 2. He now appeals as of right pursuant to Fed. R.App. P. 4(b) claiming his conviction cannot stand because the evidence was insufficient to support the verdict. He also appeals his sentence claiming the district court erred in using a prior conviction to enhance his term of imprisonment.
 
 
 3
 Pursuant to a federal search warrant, Drug Enforcement Administration ("DEA") agents searched an apartment in Stillwater, Oklahoma, on January 20, 1994. Mr. Lockett was present in the apartment at the time of the search. He had been under surveillance by the DEA as a suspected drug trafficker. Also present in the apartment was Katina Chance.
 
 
 4
 The DEA agents searched the apartment and retrieved crack cocaine from two places in one of the bedrooms. They found crack cocaine inside a waist pocket of a coat hanging in the closet and between the mattress and box springs of the bed. Inside the closet was a dresser on top of which the agents found a "Twister" game board and a razor blade. On a shelf in the closet, the agents found a small plastic bag and a razor blade. The game board, bag, and razor blades all had residue of crack cocaine. Another man's fingerprints were found on the game board.
 
 
 5
 The bedroom in which the crack cocaine and paraphernalia were found appeared to be a man's bedroom: men's clothing hung in the closet and men's underwear filled the dresser. This apartment was leased under the name of Rose Rivers, Mr. Lockett's cousin. The apartment manager testified Mr. Lockett paid the rent during Ms. Rivers' tenancy. When Ms. Rivers broke the lease on the apartment, Mr. Lockett renewed the lease in the name of Catherine Camp and paid one month's rent for Ms. Camp. Mr. Lockett told the apartment manager he would be spending time in the apartment but it would not be his residence.
 
 
 6
 Ms. Rivers and Ms. Chance testified that Mr. Lockett lived in the apartment. Both testified that Mr. Lockett sold crack cocaine out of the apartment.
 
 
 7
 The DEA agents arrested Mr. Lockett during the search of the apartment. Pursuant to the arrest, the agents confiscated $600 in cash and a set of keys from Mr. Lockett's pants pockets. Mr. Lockett identified the cash and keys as his possessions. One of the keys taken from Mr. Lockett was a key to the apartment.
 
 I. Sufficiency of Evidence
 
 8
 On appeal, Mr. Lockett argues the prosecution presented insufficient evidence by which a jury could find him guilty beyond a reasonable doubt. He claims the evidence against him was entirely circumstantial and the government presented no direct evidence of his actual possession of the confiscated crack cocaine. He points out that no forensic evidence or personal possessions linked him to the cocaine, and therefore, the evidence was insufficient to support the element of the crime that he possessed the cocaine. See 21 U.S.C. 841(a)(1). Regarding the charge of maintaining a place to distribute cocaine, Mr. Lockett asserts insufficient evidence was presented to establish that he maintained the apartment.
 
 
 9
 In reviewing the sufficiency of the evidence in a criminal case, we must determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. In doing this, we consider the direct and circumstantial evidence "together with the reasonable inferences to be drawn therefrom'--... in the light most favorable to the government." United States v. Urena, 27 F.3d 1487, 1489 (10th Cir.) (quoting United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986)), cert. denied, 115 S.Ct. 455 (1994); accord United States v. Mains, 33 F.3d 1222, 1227 (10th Cir.1994).
 
 A. Possession of Crack Cocaine
 
 10
 To find Mr. Lockett guilty of possession of crack cocaine with the intent to distribute, the government must prove beyond a reasonable doubt that Mr. Lockett (1) knowingly (2) possessed (3) crack cocaine (4) with the intent to distribute it. 21 U.S.C. 841(a)(1); see Mains, 33 F.3d at 1228. Possession of the cocaine may be actual or constructive. Mains, 33 F.3d at 1228. "A defendant is deemed to have constructive possession of narcotics if the government proves, through direct or circumstantial evidence, knowing ownership, dominion or control over the narcotics and the premises where the narcotics are found.' " United States v. Jones, 44 F.3d 860, 869 (10th Cir. 1995) (quoting United States v. Hager, 969 F.2d 883, 888 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992)); see also Mains, 33 F.3d at 1228.
 
 
 11
 Ms. Chance was present when the agents searched the apartment. She testified she had gone to the apartment that day to purchase crack cocaine from Mr. Lockett and she had been in the apartment earlier that day to buy crack cocaine from Mr. Lockett. The jury also heard evidence the DEA agents found crack cocaine in the bedroom that appeared to be a man's bedroom. It was not proven the men's clothing in the closet or dresser belonged to Mr. Lockett; however, the jury learned that Mr. Lockett paid rent for the apartment, had a key to the apartment, and lived in the apartment. The jury also heard evidence that the amount of crack cocaine seized and the paraphernalia found were consistent with what a distributor would have on hand.
 
 
 12
 It is reasonable for the jury to infer from this evidence that Mr. Lockett possessed the crack cocaine. Although there is a lack of direct evidence of actual possession of the crack cocaine, two people testified that Mr. Lockett sold crack cocaine from the apartment. The DEA agents found crack cocaine, paraphernalia, and Mr. Lockett in the apartment. All of the evidence against Mr. Lockett, taken together, is adequate to sustain the inference beyond a reasonable doubt that Mr. Lockett possessed the crack cocaine with the intent to distribute it.
 
 B. Maintenance of the Premises
 
 13
 Mr. Lockett also challenges the sufficiency of the evidence to support his conviction for maintaining a place for the purpose of distribution of controlled substances. See 21 U.S.C. 856(a)(1). He argues the evidence was insufficient to support the inference he knowingly maintained the apartment. See United States v. Williams, 923 F.2d 1397, 1403 (10th Cir.1990) (discussing elements of 856(a)(1)), cert. denied, 500 U.S. 925 (1991).
 
 
 14
 The evidence revealed Mr. Lockett paid rent on the apartment. Moreover, when Ms. Rivers wanted to give up the lease, Mr. Lockett brought Ms. Camp to the apartment manager and asked the lease be put in Ms. Camp's name. In the two bedroom apartment, one of the rooms appeared to be a man's bedroom. Mr. Lockett carried a key to the apartment. Ms. Rivers and Ms. Chance testified that Mr. Lockett lived in the apartment. When taken in the light most favorable to the government, the evidence shows that Mr. Lockett was not a casual visitor to the apartment. The evidence is sufficient to support a reasonable jury's verdict that Mr. Lockett maintained the apartment to distribute the crack cocaine.
 
 II. Sentencing
 
 15
 Mr. Lockett next challenges the use of his prior state felony drug conviction to enhance his sentence to a minimum of twenty years in prison. Specifically, Mr. Lockett argues the district court erred in its factual finding that the prior conviction was valid. We review the legality of a sentence de novo; however, the district court's factual findings will be disturbed only if they are clearly erroneous. United States v. Ortiz, 993 F.2d 204, 207 (10th Cir.1993).
 
 
 16
 The district court enhanced Mr. Lockett's sentence to twenty years based in part upon Mr. Lockett's previous state drug conviction. Mr. Lockett had pled guilty in state court to unlawful possession of a controlled dangerous substance. During Mr. Lockett's sentencing hearing pursuant to 21 U.S.C. 851, the government introduced certified copies of the Tulsa County Judgment and Sentence, Docket Sheet and Presentence Report filed in Mr. Lockett's state court conviction. These documents were submitted to prove the existence of the prior conviction. See 21 U.S.C. 851(c)(1). Mr. Lockett then introduced two transcripts of state court proceedings held at the time of his entry of a guilty plea and subsequent sentencing as evidence of a constitutionally infirm conviction. The district court considered the evidence and ruled Mr. Lockett's state court conviction was valid.
 
 
 17
 Mr. Lockett argues his state court guilty plea conviction is invalid because the state court failed to advise him of his basic constitutional rights before he entered his plea. The state court transcript fails to support his argument. The transcript reveals Mr. Lockett was represented by counsel and the state judge thoroughly examined whether Mr. Lockett was competent to enter a plea; whether he understood the nature of the charge against him; whether he waived his right to trial before the court and jury; whether his decision to enter a guilty plea was free and voluntary; whether he was being forced to plead guilty; whether he understood the range of punishment for the crime; and whether he was in fact guilty of the crime with which he was charged. Based on the state transcripts presented by Mr. Lockett, the district court's finding that the state court conviction was valid was not clearly erroneous.
 
 
 18
 Accordingly, we AFFIRM Mr. Lockett's conviction and sentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation