67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan A. MATA, Defendant-Appellant.
 No. 94-5123.
 United States Court of Appeals, Tenth Circuit.
 Sept. 19, 1995.
 
 1
 Before ANDERSON and BALDOCK, Circuit Judges, and BROWN,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Juan Antonio Mata was convicted by a jury of conspiracy to possess with intent to distribute more than one hundred kilograms of marijuana, 21 U.S.C. Sec. 846. He was sentenced to 89 months imprisonment. Mr. Mata's offense level and corresponding guideline range were based on an allegation in the presentence report that he and his brother, Jaime Mata, were responsible for distributing 953 pounds of marijuana. On appeal, defendant argues that his sentence is incorrect because the 953-pound figure used by the district court is not supported by the evidence.
 
 
 6
 The defendant was charged as a conspirator along with three other individuals, including his brother, Jaime Mata. Although a joint trial of the alleged conspirators was begun, defendant Juan Mata was subsequently granted a mistrial. After Jaime Mata and another alleged conspirator were found guilty, a separate jury trial was held on the conspiracy charge against the defendant. He was also found guilty.
 
 
 7
 On April 14, 1994, the district court sentenced defendant's brother, Jaime Mata, to 78 months imprisonment.[1] Jaime Mata's offense level and guideline range were calculated based on a finding that he was responsible for the distribution of 953 pounds of marijuana. Jaime Mata did not object to the 953-pound figure. Vol. XIX at 2.
 
 
 8
 The presentence report for defendant Juan Mata asserted that he, like Jaime, was responsible for the distribution of 953 pounds. Juan Mata lodged an objection with the probation officer, asserting that the evidence at trial showed that he personally distributed only 105 pounds of marijuana. Even if amounts distributed in concert with his brother were included, he argued, the evidence at trial would still only support a finding of 475 pounds. In response, the probation officer wrote that the court had previously determined that Jaime Mata was responsible for distribution of 953 pounds and that, because Jaime's acts were within the scope of the conspiracy and were reasonably foreseeable as to Juan Mata, the defendant was likewise responsible for that amount.
 
 
 9
 On May 13, 1994, a sentencing hearing was held for defendant Juan Mata. The judge initially ruled that because the evidence showed that the Mata brothers had acted in concert, each of them would be responsible for amounts distributed by the other. Vol. XX at 6-7. The court recognized, however, that it had accepted the 953-pound figure for Jaime Mata without examining the underlying evidentiary basis because the parties in that case had agreed to the figure. In light of Juan Mata's objection, the judge had the probation officer called as a witness and asked him to explain the basis of the figure used. The probation officer explained that 953 pounds was the total amount distributed by the Matas according to pretrial statements given to the FBI by four witnesses in the case. These statements were set forth in FBI "302" forms. On cross-examination, the defense pointed out apparent discrepancies in quantities of marijuana described by these witnesses in their "302" statements and amounts testified to by the same witnesses during the trial. The lesser amounts testified to at trial, if used to determine the sentence, would apparently have lowered the defendant's offense level and would have placed him in a different guideline sentencing range.[2] The probation officer conceded that he relied solely on the amounts in the 302 statements and not on the trial testimony.
 
 
 10
 After hearing this testimony, the trial judge stated that he would overrule the objection for the present but would ask the probation department to again review the amount involved and to report back to him. The judge also stated that, in order to avoid the necessity of having Mr. Mata return to court, the court would simply issue an order on the matter after reviewing it. Vol. XX at 19. It is unclear, however, whether the district court again reviewed the matter. The district court docket sheet indicates that no subsequent ruling on the objection was filed.
 
 
 11
 The record does not disclose how the district court determined the amount of marijuana underlying the defendant's offense level; nor does it contain any findings with respect to the defendant's objection to the presentence report. See Fed.R.Crim.P. 32 (For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary.) Under the circumstances, we conclude that the case must be remanded to permit the district court to supplement the record by making findings on the defendant's objection.
 
 
 12
 Although the case must be remanded, we think it appropriate to address two other issues raised by the defendant. As an initial matter, we have no difficulty upholding the judge's finding that Juan Mata is responsible for marijuana distributed by his brother. There was ample evidence at trial that the Mata brothers acted in concert in their distribution. Because the evidence supports the conclusion that each brother's acts were reasonably foreseeable to the other and were in furtherance of their jointly undertaken criminal activity, they are each responsible for the acts of the other. See USSG 1B1.3(a)(1)(B).[3] The court's finding of joint responsibility, however, does not answer the question of whether the 953-pound figure was supported by the evidence.
 
 
 13
 We also reject defendant's assertion that the sentencing guidelines required the judge as a matter of law to determine the sentence from the witnesses' trial testimony rather than from their pretrial statements to the FBI. In resolving disputes at sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability to support its probable accuracy." USSG Sec. 6A1.3. Although a witness's trial testimony should not be lightly disregarded in favor of out-of-court statements by the witness, the guidelines do not necessarily prohibit the court from considering evidence of out-of-court statements that are found to be reliable. In any such case, however, the court should identify with particularity the circumstances that make the out-of-court statement reliable. Cf. United States v. Ortiz, 993 F.2d 204, 208 (10th Cir.1993) (citing United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.) ("[W]hen choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution."), cert. denied, 498 U.S. 990 (1990)).
 
 
 14
 The case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Wesley E. Brown, United States District Senior Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order, filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We upheld Jaime Mata's conviction on appeal in United States v. Mata, No. 94-5104 (June 30, 1995) (unpublished). No issue was raised in that appeal concerning the sentence
 
 
 [2]
 The defense pointed out an apparent discrepancy of 170 pounds between Lewis Lacy's 302 statement and his trial testimony. (We say an "apparent" discrepancy because the 302 statements are not in the record.) This difference alone would change the offense level from 28 (400-700 KG Marijuana) to 26 (100-400 KG). Sec. 2D1.1
 
 
 [3]
 The government does not argue that under Sec. 1B1.3 Juan Mata was responsible for amounts distributed by anyone other than Jaime Mata, nor is there any indication that the sentence was based on such a determination by the district court. We therefore do not address whether defendant could be held responsible for amounts distributed by other co-conspirators