UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 10/8/96**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MYRON W. SOWELL,

    Defendant-Appellant.

No. 96-3022
(D.C. No. 95-CR-20068)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Myron W. Sowell appeals the 121-month sentence imposed by the district court after he pled guilty to distributing crack cocaine. We dismiss the appeal as frivolous and grant defense counsel's pending motion to withdraw.

On August 23, 1995, an indictment was returned against defendant, charging him

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with three counts of distributing crack cocaine. In return for his plea of guilty to count 1 of the indictment, the government agreed to dismiss the remaining two counts.

On January 8, 1996, defendant asked the district court to depart downward from the guideline range of 121 to 151 months, arguing a downward departure was appropriate because of mitigating factors not adequately considered by the Sentencing Commission. Specifically, defendant argued (1) his criminal history category overstated the severity of his prior convictions; (2) he was depressed and suffering from diminished capacity at the time of the crimes because of his mother's death and the accompanying pressures; and (3) the sentencing guidelines with regard to crack cocaine were unlawfully discriminatory toward black defendants.

The district court denied defendant's motion for downward departure on January 16, 1996, and sentenced him to a term of 121 months. Defendant filed a pro se motion in open court asking for downward departure pursuant to U.S.S.G. § 5K2.13 because of his alleged diminished capacity, essentially setting forth the same reasons as in his previous motion filed by his counsel. The court denied his pro se motion on March 7, 1996.

Defendant filed a timely notice of appeal. However, defense counsel has since filed a brief alleging that, in his opinion, there are no meritorious appellate issues, and requesting that he be allowed to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Consistent with the dictates of Anders, defense counsel has pointed out three issues that could arguably support an appeal.

The first "arguable" issue concerns the district court's authority to consider the quantity of drugs involved in all three counts of the indictment in determining defendant's offense level. We review a district court's factual findings concerning the amount of

drugs for which a defendant may be held accountable under a clearly erroneous standard. United States v. Ortiz, 993 F.2d 204, 207 (10th Cir. 1993). Here, although defendant pled guilty to only one count of the indictment, the court was required to consider "all quantities of contraband with which [the defendant] was directly involved." U.S.S.G. § 1B1.3, comment 2. As established in the presentence report (to which defendant did not object), defendant made three sales of crack cocaine totaling approximately 76 grams. Because this was precisely the amount of cocaine relied upon by the district court in establishing defendant's base offense level, we conclude any claim on this issue is frivolous.

In his second "arguable" issue, defense counsel suggests the district court may have erred in denying defendant's motion for downward departure. As noted by counsel for the government, however, it is well established that we do not have jurisdiction to hear an appeal concerning the district court's discretionary refusal to depart downward from the guidelines. United States v. Diggs, 8 F.3d 1520, 1526 (10th Cir. 1993).

In his final "arguable" issue, defense counsel suggests the disparity in the sentencing guidelines between powdered cocaine and crack cocaine unlawfully discriminates against black defendants. We have repeatedly rejected this identical argument. See, e.g., United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir. 1995), cert. denied 116 S. Ct. 218 (1995). Any claim based upon this issue is frivolous.

Because we find no appealable issues, we DISMISS this appeal as frivolous and GRANT defense counsel's motion to withdraw.

Entered for the Court

Mary Beck Briscoe
Circuit Judge