**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAQUEL HERNANDEZ SALGADO,

Defendant-Appellant.

No. 96-6207
(D.C. No. CR-96-6-M)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Raquel Hernandez Salgado appeals from the Guideline sentence imposed after she pleaded guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). She objects to the district court's inclusion as relevant conduct of approximately two gallons of phencyclidine (PCP) seized at the time of her arrest. We exercise jurisdiction under 18 U.S.C. § 3742(a)(1) and (2), and affirm.

Defendant was arrested after Oklahoma City police conducted a routine inspection of a bus arriving from Amarillo, Texas. While passengers were off the bus, police took luggage out of the overhead rack and placed it in the seats below to accommodate a drug-sniffing dog. An officer noticed a smell he believed to be PCP coming from a black Royalton suitcase. As passengers reboarded, defendant was observed carrying a small black Royalton bag that matched the larger suitcase. She moved the suitcase out of the seat it was in, placed it in the overhead rack, placed the smaller bag next to it, and took the seat. Police reboarded the bus and asked passengers to claim their luggage. Nobody claimed the large black suitcase, and defendant later disclaimed ownership of the small bag she had been carrying, too. Police asked defendant to deboard the bus. Both bags were searched. The suitcase contained approximately two gallons of PCP, and the smaller bag contained four large bricks of marijuana. A key in defendant's purse opened locks on both pieces of luggage.

Defendant agreed to plead guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a), if other charges were dismissed. The district court determined that under Guideline § 1B1.3(a)(2), the PCP could be considered relevant conduct because defendant possessed it as part of the same course of conduct as the offense of conviction. Adding the quantity of PCP to the amount of marijuana, the district court arrived at a sentencing range of 108 to 135 months' imprisonment, and sentenced defendant to the statutory maximum of 60 months' imprisonment.

On appeal, defendant contends that the evidence was insufficient to support the district court's finding that she possessed the PCP and that, as a result, the district court erred by including the PCP as relevant conduct in determining her offense level.

We review the district court's finding of fact concerning the amount of drugs for which defendant could be held accountable for clear error. See United States v. McKneely, 69 F.3d 1067, 1078 (10th Cir. 1995). That is, we will not disturb the district court's finding "'unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made.'" United States v. Ortiz, 993 F.2d 204, 207 (10th Cir. 1993) (quoting United States v. Bernaugh, 969 F.2d 858, 864 (10th Cir. 1992)). We defer to the district court's evaluation of the credibility of witnesses. See McKneely, 69 F.3d

at 1078; <u>United States v. Browning</u>, 61 F.3d 752, 754 (10th Cir. 1995). We review the district court's application of the Guidelines de novo. <u>See</u> <u>McKneely</u>, 69 F.3d at 1078.

We have reviewed the record and find no error. The evidence was clearly sufficient to support the district court's finding that defendant possessed the PCP in the same course of conduct as the offense of conviction. The district court therefore did not err in including the PCP as relevant conduct in its calculation of defendant's offense level.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-