**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP L. HUGGINS,

Defendant-Appellant.

No. 00-3002
(D.C. No. 99-CR-10094-01)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **MURPHY**, Circuit Judges.

Phillip L. Huggins was convicted after a jury trial of six counts of

distributing crack cocaine and one count of possessing crack cocaine with intent

to distribute. He was sentenced to 157 months in prison. He appeals his

conviction and sentence, arguing that (1) the trial court erred in denying his

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion for a continuance to provide additional time to obtain retained counsel, and (2) the court erred in computing his sentence by including as relevant conduct drug amounts that were not supported by sufficient indicia of reliability. We affirm.

## I. Denial of Continuance

Mr. Huggins was charged on July 20, 1999, his appointed counsel entered an appearance on July 23, and his detention hearing and arraignment were scheduled for July 28. On that date, Mr. Huggins represented to the court that he would retain private counsel on July 30 and requested that his hearing and arraignment be continued until August 4 so that retained counsel could be available. The motion was granted and Mr. Huggins was arraigned on August 4. On September 15, Mr. Huggins' appointed counsel filed a motion requesting postponement of the deadline for pretrial motions and a continuance of the trial date. This motion stated that Mr. Huggins' family and friends were attempting to acquire the funds necessary to retain private counsel and that they expected to do so within the next several days. The court granted the motion, and continued the motions deadline until September 30 and the trial date until October 5.

On September 30, appointed counsel for Mr. Huggins filed another motion for continuance, stating that although private counsel had been retained the day before, the attorney was not admitted to practice in the federal district court and

probably would not be accepted for admission as a result of a recent misdemeanor conviction for promoting obscenity. Appointed counsel further stated that discussions were ongoing with another attorney, although that attorney had not decided whether to take the case.

The court held a hearing on this motion at which appointed counsel described the family's efforts to secure the services of private counsel. Appointed counsel further informed the court that she had represented Mr. Huggins in an earlier matter in which Mr. Huggins had entered a guilty plea and that Mr. Huggins had not been happy with her representation in that proceeding. She stated that he did not agree with her on a number of issues in the instant case and did not trust her advice. Mr. Huggins addressed the court and stated that he felt he was being pushed into pleading guilty again when he wanted to go to trial.[1]

The court denied the motion, stating:

There are 800, I believe, lawyers in Sedgwick County, or somewhere around there. If between July and today, which is the 4th of October, one of those 800 lawyers could not be retained to take your case, I have no reason to believe that by granting you a continuance of two

---

[1] Appointed counsel in this case has been a federal public defender for over sixteen years. The record indicates that she believed Mr. Huggins would receive a much longer sentence if he proceeded to trial rather than reaching an agreement with the government, but that because Mr. Huggins did not trust her he would not take her advice. She believed that if Mr. Huggins were to receive a second opinion he might better understand the appropriate course of action. When questioned by the court, however, counsel agreed that other counsel would be no less likely to disagree with Mr. Huggins than she.

weeks, four weeks, six weeks or eight weeks that any one of those 800 lawyers is going to come forward and take your case. If . . . your mother has been making an effort to find a lawyer, then I don't think you're going to find one.

App., vol. III at 14-15.

On appeal, Mr. Huggins argues that the court's refusal to grant the continuance denied him his constitutional right to counsel of choice. The right to counsel of choice, while an essential element of the Sixth Amendment right to counsel, is not absolute. *See United States v. Mendoza-Salgado*, 964 F.2d 993, 1014-15 (10th Cir. 1992). This right may be outweighed by other considerations, and is limited to a "fair opportunity" to secure counsel of choice, *id.* at 1014, and by a party's access to private funds, *id.* at 1015 n.12. "[T]he district court enjoys broad discretion on matters of continuances, even when the parties implicate Sixth Amendment issues." *Id.* at 1016. Absent a showing that the court unreasonably or arbitrarily interfered with a defendant's right to counsel of choice, "reversal is appropriate only when defendant identifies specific prejudice resulting from denial of preferred counsel, and when such prejudice renders the trial fundamentally unfair." *Id.* Mr. Huggins has not made the requisite showing here.

Among the factors relevant to assessing whether the denial of a continuance rises to an abuse of discretion are "the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the

-4-

continuance," *United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993),

whether other continuances have been granted, *Mendoza-Salgado*, 964 F.2d at

1015, and whether other competent counsel is prepared to try the case, *id*. Here

Mr. Huggins had previously been granted a postponement of his arraignment and

a continuance of his trial date. Moreover, we agree with the district court that

Mr. Huggins simply failed to show that an additional continuance would enable

him to obtain retained private counsel. The court's refusal to allow additional

delay under these circumstances cannot be characterized as unreasonable or

arbitrary.

We further conclude that Mr. Huggins has failed to show specific prejudice

rendering his trial fundamentally unfair. On appeal Mr. Huggins asserts prejudice

arising from his distrust of appointed counsel and their disagreement over several

trial issues. This allegation is not sufficient in view of Mr. Huggins' expressed

determination to proceed to trial, his appointed counsel's competent

representation at that trial, and the overwhelming evidence of guilt revealed by

the record. Accordingly, the trial court's refusal to grant a continuance is not

grounds for granting a new trial.

## II.  Drug Quantity

Mr. Huggins was convicted on charges involving 11.93 grams of cocaine

base. He was interviewed by a Wichita police detective after his arrest who

testified that Mr. Huggins admitted in the interview to selling about 7 grams a week for the past two and a half or three months.  Based on this testimony, the district court at sentencing included as relevant conduct Mr. Huggins' sale of 7 grams a week for ten weeks and accordingly added an additional 70 grams of cocaine base to the 11.93 grams.  On appeal, Mr. Huggins makes the rather remarkable argument that because the police detective testified that he thought Mr. Huggins was *underestimating* the amount of his sales, Mr. Huggins' statement was unreliable and the court erred in using it to estimate the total quantity.

We review the district court's fact findings on drug quantity for clear error, and we will not disturb them unless they are without any support in the record or unless we are firmly convinced that a mistake has been made.  *United States v. Rios*, 22 F.3d 1024, 1028 (10th Cir. 1994).  "The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence."  *United States v. Ortiz*, 993 F.2d 204, 207 (10th Cir. 1993).  "The use of estimates is an acceptable method for calculating drug quantities, as long as the information upon which the estimates are based has a minimum indicia of reliability."  *United States v. Browning*, 61 F.3d 752, 754 (10th Cir. 1995).  When accepting a drug quantity estimate, a court must err on the side of caution.  *Ortiz*, 993 F.*2d* at 208.

We see no merit to Mr. Huggins' argument that his own statement of the amount of drugs he sold and the period over which he sold them was an inadequate basis for estimating drug quantity. The fact that he may have understated his criminal activity does not cast doubt on the fact that he sold at least the amount to which he confessed. The trial court therefore did not err in including that amount as relevant conduct.

Mr. Huggins' conviction and sentence are **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge