NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0302n.06

No. 10-5985

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 19, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
Plaintiff-Appellee, )
)     ON APPEAL FROM THE UNITED
v. )     STATES DISTRICT COURT FOR
)     THE EASTERN DISTRICT OF
EDGAR ROSAS-JIMENEZ, )     TENNESSEE
)
Defendant-Appellant. )

Before: KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM. Edgar Rosas-Jimenez, who is represented by counsel, appeals the sentence he received from the district court following his guilty plea to multiple federal charges.

In 2010, Rosas-Jimenez pled guilty to conspiracy to distribute cocaine, eight counts of distributing cocaine, and two counts of being an illegal alien in possession of a firearm. Rosas-Jimenez went to trial on two other charges, but was found not guilty by a jury. A presentence report determined that Rosas-Jimenez had an advisory sentencing guidelines range of sixty-three to seventy-eight months of imprisonment. Rosas-Jimenez objected to the report, arguing that a two-level enhancement to his offense level under USSG § 2D1.1(b)(1) and a four-level enhancement under § 2K2.1(b)(6) for possession of a weapon were in error. He also argued that he was entitled to the "safety valve" provision of USSG § 5C1.2. The district court rejected these arguments and sentenced Rosas-Jimenez to sixty-five months of imprisonment. Rosas-Jimenez reasserts his claims on appeal.

We review Rosas-Jimenez's sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Rosas-Jimenez argues that the enhancement of his offense level for possession

of a weapon was erroneous. A determination that a firearm was possessed during a drug offense is a factual finding reviewed for clear error. *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008). Rosas-Jimenez contends that the evidence in this case showed that it was clearly improbable that the weapon was connected to the drug offenses. *See United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002); *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996).

The firearm in question was an unloaded .22-caliber pistol that was found in a drawer under the cash register in Rosas-Jimenez's store, where several drug transactions took place during the course of the conspiracy. Rosas-Jimenez contended that a customer had given him the gun as security for some groceries four days before Rosas-Jimenez was arrested. He also argues that a .22-caliber pistol is not the type of weapon normally used by drug dealers. We rejected this argument in *Moses. Moses*, 289 F.3d at 851. The district court specifically found that the alternate explanation offered by Rosas-Jimenez for the presence of the gun was not credible because he could not remember the name of the customer who gave him the gun and never previously took property as collateral for items sold in the store. No clear error is apparent in this determination.

Rosas-Jimenez also argues that he was entitled to a safety-valve reduction in his sentence under § 5C1.2. A refusal to apply the safety-valve provision is a factual finding reviewed for clear error. *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996). Here, the district court determined that Rosas-Jimenez was not entitled to the application of the safety-valve provision for two reasons: 1) his possession of a weapon, and 2) his failure to fully disclose all of his related drug transactions. The defendant bears the burden of proving entitlement to the reduction by a preponderance of the evidence. *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004). Although an enhancement for possession of a weapon does not preclude entitlement to the safety valve reduction, *id*. at 914-15, the district court's disbelief of Rosas-Jimenez's explanation for the presence of the gun indicates that Rosas-Jimenez failed to meet his burden of proof on this issue.

The alternative ground relied on by the district court has also not been shown to be clear error. A police officer testified at the sentencing hearing that a confidential informant made a number of purchases of cocaine from Rosas-Jimenez in his store during 2008. The case was turned

over to the federal authorities, who sent an undercover officer into the store to make the cocaine purchases in 2009 that were the basis for the charges against Rosas-Jimenez. Rosas-Jimenez denied distributing any cocaine prior to the instances to which he entered his guilty plea. He attacks the testimony of the police officer because the officer erroneously stated that there was ammunition for the pistol in the drawer, when it was later shown that the ammunition was not the correct caliber. He also argues that the out-of-court statements of the confidential informant required corroboration, citing *United States v. Ortiz*, 993 F.2d 204, 208 (10th Cir. 1993). Here, however, the statements of the confidential informant that he had purchased cocaine from Rosas-Jimenez in his store on numerous occasions were corroborated by the fact that the federal undercover officer was able to make similar purchases. Therefore, the district court's conclusion that Rosas-Jimenez was not credible when he denied the earlier sales, disentitling him from application of § 5C1.2, is not clearly erroneous.

The district court's judgment is affirmed.