**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELDON RAY JAMES,

Defendant-Appellant.

No. 97-1249

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 97-CR-26-N)

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, James P. Moran, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Henry L. Solano, United States Attorney, John M. Hutchins, Assistant U.S. Attorney, Daniel J. Cassidy, Assistant U.S. Attorney, Denver, Colorado, for Plaintiff-Appellee.

Before **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.

**BRISCOE** , Circuit Judge.

Defendant Eldon Ray James appeals the sentence he received following a plea of guilty to the offense of engaging in the prohibited activities of a Racketeer Influenced and Corrupt Organization (RICO), in violation of 18 U.S.C. §§ 1962(c) and 1963. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm. [1]

## BACKGROUND

On March 28, 1997, James pled guilty to engaging in RICO activities in connection with a drug trafficking enterprise. Pursuant to the terms of the plea agreement, the government agreed to dismiss five additional counts filed in two separate indictments, and to consider, based on the value of James' assistance, filing a motion for downward departure. In return, James agreed to cooperate with the government.

In the agreement, James acknowledged that the government's evidence was sufficient to establish his involvement in a drug trafficking enterprise that transported cocaine from California to Colorado for distribution in numerous counties there. James' role in the conspiracy was to receive cocaine from a codefendant and distribute it in at least two Colorado counties.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The presentence report prepared by the probation officer concluded the enterprise trafficked at least 94 kilograms of cocaine, as well as additional amounts of marijuana, hashish, and methamphetamine. The report calculated James' base offense level as 27. This figure included a two-level reduction based on the quantity of drugs directly attributable to James himself (as opposed to the amount of drugs attributable to the entire conspiracy), and a three-level reduction for acceptance of responsibility. See U.S.S.G. §§ 3E1.1 and 5C1.2. With a criminal history category of I, James' guideline range was 70 to 87 months.

At sentencing, James moved for downward departure from the guideline range, alleging (1) his participation was merely aberrant behavior, (2) he received very little financial gain from the enterprise, (3) he was a minor participant in the conspiracy, and (4) his health and age would put him at risk of abuse in prison. The district court rejected James' motion for reduction on all grounds and sentenced him to seventy months' imprisonment and three years' supervised release. On appeal, James challenges only the district court's refusal to grant a two-level reduction for his minor role in the conspiracy.

## JURISDICTION

As a threshold matter, we address this court's jurisdiction to entertain this appeal. In James' docketing statement, he framed his issue on appeal as "[t]he Defendant should have been granted a downward departure." Appellant's

Docketing Statement at 4.  It is well-settled, however, that a defendant may not appeal a sentencing court's refusal to depart downward from a sentence within the guideline range.   See United States v. Bromberg   , 933 F.2d 895, 896 (10th Cir. 1991).  Consequently, our jurisdiction is limited in these circumstances to reviewing the sentencing court's decision to ensure the sentence imposed is not the result of an incorrect application of the guidelines or otherwise in violation of the law.  See id. at 897; 18 U.S.C. § 3742(a).  Because supplemental briefing makes plain that James does in fact assert the district court departed from the law in sentencing him, we have jurisdiction to consider his appeal.

## DISCUSSION

James contends the sentencing court erred by refusing him a two-level downward adjustment under U.S.S.G. § 3B1.2(b) as a minor participant in the criminal enterprise.  We review the district court's factual findings regarding a defendant's role in the offense for clear error and give due deference to the court's application of the sentencing guidelines to the facts.     See United States v. Smith , 131 F.3d 1392, 1399 (10th Cir. 1997),     cert. denied , 118 S. Ct. 1109 (1998).

Section 3B1.2 vests the district court with discretion to grant a base offense level reduction if it finds a defendant played a mitigating role in the criminal offense.  Section 3B1.2 authorizes a four-level reduction if the defendant was a

"minimal" participant in the criminal activity, a two-level reduction if the defendant was a "minor" participant in the criminal activity, and a three-level reduction if the defendant's participation was more than minimal but less than minor. A defendant's role is minor if his role in the enterprise made him substantially less culpable than the average participant. See id., comments 3 and 4. James argues that, compared to the involvement and conduct of his codefendants, his role in the criminal enterprise was minor, warranting a two-level reduction in his base offense level.

James is not entitled to the reduction he seeks. Section 3B1.2, Application Note 4 states:

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

We think the reasoning of Note 4 is applicable here. Although James was not convicted of a less serious offense, he received a less onerous sentence because of his minor role in the enterprise. That is, James' sentence was based not on the collective amount of drugs distributed by all members of the conspiracy, but only on the amount of drugs distributed by James himself. Any further reduction would cede James an undeserved windfall. See United States v. Lampkins, 47 F.3d 175, 181 n.3 (7th Cir. 1995).

Although this court has not yet spoken on the issue, a number of circuits have held in similar circumstances that a defendant is not entitled to a mitigating role adjustment where the relevant conduct of the conspiracy was not considered in calculating the base offense level.    See United States v. Holley   , 82 F.3d 1010, 1011-12 (11th Cir. 1996);    United States v. Atanda   , 60 F.3d 196, 199 (5th Cir. 1995); Lampkins , 47 F.3d at 180-81;    United States v. Gomez   , 31 F.3d 28, 31 (2d Cir. 1994);    United States v. Lucht   , 18 F.3d 541, 555-56 (8th Cir. 1994); United States v. Olibrices   , 979 F.2d 1557, 1561 (D.C. Cir. 1992).  James urges us to reject the conclusions of these circuits in favor of the Ninth Circuit's holding in United States v. Ruelas    that "[t]he defendant's role in relevant conduct may provide a basis for an adjustment even if that conduct is not used to calculate the defendant's base offense level."    106 F.3d 1416, 1419 (9th Cir.),    cert. denied , 117 S. Ct. 2470 (1997).  This we decline to do.

Here, James' base offense level was predicated only on the amount of drugs he personally handled.  Thus, the district court necessarily took into account James' minor role in the drug trafficking enterprise.  To provide a further reduction for his role in the enterprise would amount to finding James "a minor participant in [his] own conduct," a finding that would "make[] no sense." Lampkins , 47 F.3d at 181 (footnote omitted);    see also  Olibrices , 979 F.2d at 1560 (where larger conspiracy was not taken into account to set the base offense level,

allowing it to be taken into account for purposes of a reduction for the mitigating role of the defendant would produce an "absurd result"). As the sentencing court stated, "I don't think [James] can be said to have a minor or minimal role in distributing the drugs that he himself distributed. Had he been charged and had attributed to him the amount of drugs distributed in the overall conspiracy, the argument might be different." [2] R. Vol. 4 at 10 .

Therefore, we join the majority of circuits that have addressed this issue and hold that when the relevant conduct of the larger conspiracy is not taken into account in establishing a defendant's base offense level, a reduction pursuant to U.S.S.G. § 3B1.2 is not warranted.

AFFIRMED.

---

[2] We note that, if the district court had calculated James' base offense level based on the amount of drugs charged to the conspiracy as a whole - ninety-four kilograms - his sentencing range, even with a downward departure for a minor role, would have been significantly higher. See, e.g. , Olibrices , 979 F.2d at 1561.