**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

MARK B. WHITE,

        Defendant-Appellant.

No. 98-3355

(D.C. CIV-98-40045-O1-SAC)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** ,and **HENRY**, Circuit Judges.

The defendant Mark B. White appeals the district court's denial of his request for a

two-level reduction in his offense level pursuant to § 3B1.2(b) of the United States

Sentencing Guidelines.  He argues that he was a minor participant in the offenses of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which he was convicted. We conclude that the district court properly denied his request and affirm his sentence.[1]

## I. BACKGROUND

The government charged Mr. White with various drug offenses. In August 1998, he pleaded guilty to one count of distributing cocaine base on February 23, 1998 and one count of distributing cocaine base on February 25, 1998, both in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.§ 2.

The presentence report describes the facts underlying these offenses. On February 23, 1998, Mr. White came to the residence of a confidential informant. There, Mr. White met a special agent of the Kansas Bureau of Investigation, who was working undercover. Mr. White and the special agent agreed that the agent would purchase $300 of cocaine base. At Mr. White's direction, the group proceeded to another residence, where they met the codefendant Christopher Bell. En route, Mr. White was given $300 to buy cocaine base. They then traveled to Mr. White's residence. While the special agent waited outside, Mr. White and Mr. Bell entered the residence. Shortly thereafter, Mr. White left his residence and gave the special agent a package containing 2.23 grams of cocaine base.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The special agent paid Mr. White $20 for completing the transaction.

The confidential informant then arranged another purchase of cocaine base with Mr. White, this time for $200. Pursuant to that arrangement, the confidential informant and the special agent came to Mr. White's residence on February 25, 1998. Mr. White's son Marcus White answered the door and let them in. Although the informant and the agent observed Mr. White in the residence, they began negotiating the transaction with his son. Mr. White's son displayed a handful of small chunks of cocaine base (later determined to weigh 3.57 grams), and the agent agreed that he would pay $400 for this amount. After the agent asked about obtaining a container for the packages, Mr. White found a plastic bag, assisted the agent in transferring the cocaine base to the bag, and tied the bag for the agent.

The confidential informant then told the special agent that an agreement had been reached for Mr. White to receive another $20 for setting up the transaction. The agent left Mr. White's residence to get the $20. When he returned, he gave the money to Mr. White's son, and then left again.

After Mr. White pleaded guilty to the two cocaine distribution counts (charging violations of 21 U.S.C. § 841(a)(1) and the aiding and abetting statute, 18 U.S.C. § 2) the presentence report arrived at a base offense level of twenty-six. Mr. White objected to the probation officer's failure to reduce the offense level pursuant to USSG § 3B1.2. He argued that his involvement in the February 25, 1998 transaction "was minimal at best,"

Rec. vol. III, at 29, ¶ 97 (Presentence Investigation Report).  As to the February 23, 1998 transaction, Mr. White maintained that he was "simply asked to put the undercover agent in touch with where the agent would be able to purchase the cocaine.  It was never Mark White's cocaine to sell."  Id.

The district court overruled Mr. White's objection to the presentence report, concluding that he was not entitled to an offense level reduction for two reasons.  First, the court said, under USSG § 3B1.2, "'when the relevant conduct of the larger conspiracy is not taken into account in establishing a defendant's base offense level, a reduction . . . is not warranted.'"  See Aplt's Br., Ex.. C. at 3 (district court's sentencing memorandum) (quoting United States v. James, 157 F.3d 1218, 1220 (10th Cir. 1998)).  Applying James, the court reasoned that because Mr. White "is only held accountable for the amounts he participated in distributing -not the relevant conduct attributable to the conspiracy," a reduction based on Mr. White's reduced role in the offense was not warranted.  Id. at 3-4.  Second, the court said, even if a § 3B1.2 reduction were authorized under James, the facts of this case did not warrant one:

> Even if this precedent [James] did not foreclose the adjustment sought by [Mr.] White, he would not be entitled to a reduction for [a lesser role under USSG § 3B1.2] as his purported role as "middleman" does not automatically entitle him to a reduction . . . .

Id. at 4 (citations omitted).

4

The court sentenced Mr. White to concurrent terms of imprisonment of seventy months.

## II. DISCUSSION

On appeal, Mr. White argues that the district court misread our decision in James. According to Mr. White, because no evidence was presented that he was involved in a larger conspiracy and because there is no indication that the district court already reduced his role in the offense by disregarding his relevant conduct in the larger conspiracy, James does not foreclose a reduction in his offense level under USSG § 3B1.2. Mr. White also challenges the district court's evaluation of the evidence regarding his involvement in the offenses. According to Mr. White, he was merely a middleman in the first transaction and had little or no involvement in the second transaction. He insists that this slight involvement warrants a § 3B1.2 reduction.

We need not decide whether our decision in James forecloses a reduction in Mr. White's offense level under U.S.S.G. § 3B1.2 because the record supports the district court's alternative factual finding--that, even in the absence of James, Mr. White was not entitled to the two-level reduction as a minor participant. The determination of whether a defendant was a minor participant must be made on a case-by-case basis, and no one factor is dispositive. See United States v. Calderon-Porras, 911 F.2d 421, 423 (10th Cir. 1990). Accordingly, we have rejected arguments that defendants who function as

5

couriers or middlemen are necessarily entitled to § 3B1.2 reductions. See id.; see also United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999); ("[A] defendant is not necessarily entitled to a sentence reduction under § 3B1.2 solely because he can show that he was a middleman); United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir. 1993) (affirming district court finding that the defendant was "simply in the middle with a lot of other people and he deserve[d] neither an increase or a decrease based on his role in the offense."). Here, Mr. White was involved in two separate drug transactions, and, as the presentence report notes, "participated in the distribution [of cocaine base] either by brokering the transaction or assisting the agent in packaging the cocaine base." Rec. vol. III, at 30, ¶ 100. In light of this involvement, the district court's denial of the two-level reduction under § 3B1.2 is not clearly erroneous. See United States v. Santistevan, 39 F.3d 250, 254 (10th Cir. 1994) (concluding that the fact that the defendant was involved in multiple drug transactions was a factor weighing against offense level reduction under § 3B1.2).

## III.  CONCLUSION

We therefore affirm Mr. White's sentence.

Entered for the Court


Robert H. Henry
Circuit Judge