**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT D. BUSEKROS,

Defendants-Appellant.

No. 00-3339

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## (D.C. No. 00-CR-10021-01-MLB)

Submitted on the briefs:    *

Jackie N. Williams, United States Attorney and David M. Lind, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

Cyd Gilman, Assistant Federal Public Defender, Wichita, Kansas, for Defendant-Appellant.

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

**HENRY** , Circuit Judge.

---

*  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Mr. Busekros appeals the district court's refusal to grant the government's motion for a downward departure based on his substantial assistance and cooperation with the authorities. He also appeals the district court's denial of his federal benefits for five years. We exercise our jurisdiction under 28 U.S.C. § 1291, we dismiss Mr. Busekros's appeal insofar as it challenges the district court's refusal to depart downward, and we vacate the district court's denial of federal benefits pursuant to 21 U.S.C. § 862(a).

## I. BACKGROUND

Mr. Busekros pleaded guilty to one count of using a telephone to facilitate the distribution of approximately 5.68 grams of methamphetamine. At sentencing, the government moved pursuant to USSG 5K1.1 for a downward departure based upon Mr. Busekros's substantial assistance in the investigation and prosecution of two individuals of a motorcycle gang who were prosecuted in the state court system. The district court denied the government's motion and imposed a sentence which included a term of imprisonment of forty-eighty months and a denial of all federal benefits for a period of five years.

## II. DISCUSSION

## A. Refusal to depart under § 5K1.1

We are without authority to review Mr. Busekros's initial contention. We "cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999) (collecting cases).

The district court judge recognized his authority to depart downward pursuant to USSG 5K1.1, but suggested he would only consider such a departure if Mr. Busekros had provided "useful information" that aided in the prosecution of the leaders of the motorcycle gang, not the lower level people that were convicted in state court. Rec. vol. III, at 11. At the sentencing hearing, the district court stated:

> This is a typical deal of where – and I don't like it when the Government does this – you agree to cooperate with the Government but you don't provide them with any useful information. I don't care about these people that get prosecuted across the street. . . . [W]ith a record like yours, if you expect any consideration from any judge that I know of then the only people that would have counted would be the big boys at the motorcycle gang.

Id. at 11-12. Because the district court judge recognized his ability to depart downward, "we will not review his decision." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994).

**B. Denial of federal benefits**

Mr. Busekros also appeals the district court denial of all federal benefits for five years, pursuant to 21 U.S.C. § 862(a). The government, with appreciated candor, agrees that "the district court erred in ordering the denial of appellant's federal benefits under 21 U.S.C. § 862." Aple's Br. at 9. "We review questions of law regarding application of the Sentencing Guidelines de novo [and] . . . findings of fact under the clearly erroneous standard." United States v. Wiseman, 172 F.3d 1196, 1217-18 (10th Cir.), cert. denied, 528 U.S. 889 (1999).

Section 862(a) states:

(1) Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall--
    (A) at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction;
    (B) at the discretion of the court, upon a second conviction for such an offense be ineligible for any or all Federal benefits for up to 10 years after such conviction; and
    (C) upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits.

21 U.S.C. § 862(a). In its denial of the government's 5K1.1 motion for a downward departure, the district court acknowledged that Mr. Busekros had provided assistance in two state prosecutions. The district court judge reasoned, however, that Mr. Busekros was entitled to benefits only if he had granted the motion for downward departure. In fact, section 862(e) indicates otherwise:

(e) Inapplicability of this section to Government witnesses

-4-

> The penalties provided by this section shall not apply to any individual who cooperates or testifies with the Government in the prosecution of a Federal or State offense or who is in a Government witness protection program.

Id. § 862(e); see United States v. Littlejohn, 224 F.3d 960, 966 (9th Cir. 2000) (noting, in dicta, "[a]s a point of interest, . . . the ineligibility [for federal benefits] provided for in 21 U.S.C. § 862 does not apply" to a cooperating or testifying witness in the prosecution of a federal or state offense). We hold that the district court erred when it ordered the denial of Mr. Busekros' federal benefits under § 862 because Mr. Busekros cooperated and assisted the authorities in two state prosecutions.

Consequently, we DISMISS Mr. Busekros's appeal insofar as it challenges the district court's refusal to depart downward, we VACATE the district court's denial of federal benefits pursuant to 21 U.S.C. § 862(a), and we REMAND the case to the district court for imposition of an appropriate sentence consistent with this opinion.