**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alejandro VARELA-de la CRUZ, also known as Luis Donaldo, also known as Miguel Hurtado, also known as Antonio Velasquez–Perez, Defendant–Appellant.**

No. 01–1326.

United States Court of Appeals, Tenth Circuit.

Dec. 10, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Alejandro Varela-de la Cruz appeals the United States District Court for the District of Colorado's imposition of an eighty-four month sentence for violating Title 8, United States Code, Section 1326(a), (b)(2) (illegal reentry into the United States after arrest and deportation, and after having been convicted of an aggravated felony without reapplying for ad-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

mission and without the consent of the Attorney General). This sentence was imposed following Defendant's entry of an unconditional guilty plea. Defendant appeals his sentence to this court.

Because Defendant entered an unconditional guilty plea, our review is limited to whether his sentence was correctly calculated. *United States v. James*, 157 F.3d 1218, 1219 (10th Cir.1998). Our review of the record indicates that the district court correctly computed Defendant's offense level and his criminal history category. In fact, Defendant's plea stipulated that the district court correctly calculated his offense level and criminal history category. Therefore, Defendant's sentence was correctly calculated.

Defendant also objects to the district court's refusal to downwardly depart from the Guidelines' mandated range of seventy-seven to ninety-six months' imprisonment. If a district court is aware that it has the power to depart from the Guidelines but in its discretion chooses not to, this court has no jurisdiction to review the district court's decision. *See United States v. Guidry*, 199 F.3d 1150, 1162 (10th Cir.1999); *United States v. Fagan*, 162 F.3d 1280, 1282 (10th Cir.1998). A thorough review of Defendant's sentencing hearing reveals that the district court was well aware of its power to downwardly depart, but within its discretion chose not to. As such, we are without jurisdiction to review that decision.[1]

Mr. Varela-de la Cruz' sentence is hereby AFFIRMED.

---

1. We grant Defendant–Appellant's counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).