F I L E D
**United States Court of Appeals
Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

NOE ROSALES,

   Defendant-Appellant.

No. No. 02-5185
(Northern District of Oklahoma)
(D.C. No. CR-01-4-C)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McWILLIAMS**, and **O'BRIEN**, Circuit Judges.

## I.   INTRODUCTION

Appellant-defendant Rosales was indicted for the unlawful distribution of methamphetamine and cocaine. He pleaded guilty pursuant to a plea agreement with the government. At sentencing, the district court set Rosales' base offense level at 34 under *U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 2D1.1

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

because Rosales' offense involved more than 1.5 kilograms but less than 5 kilograms of methamphetamine. Included within that calculation were 907 grams of methamphetamine that Rosales authorized a confidential informant ("CI") to sell. The district court imposed a two-level upward adjustment to Rosales' offense level, ruling that he was an organizer or leader under U.S.S.G. § 3B1.1(c). The district court did not make any factual findings to support this upward adjustment. The district court refused to make a downward adjustment for being a minor participant under U.S.S.G. § 3B1.2, but again failed to make factual findings on the record to support its conclusion. In addition, the district court denied Rosales a separate evidentiary hearing to determine his eligibility for a downward adjustment under U.S.S.G. § 2D1.1(b)(6)'s safety valve provision. The district court also refused to depart downward pursuant to U.S.S.G. § 5K1.1(a)(4) because it concluded that Rosales was not in danger of retaliation. Rosales appeals.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), this court: (1) **affirms** the district court's inclusion of 907 grams of methamphetamine in the calculation of Rosales' base offense level under U.S.S.G. § 2D1.1; (2) **remands** to the district court for specific factual findings to support its conclusion that Rosales is an organizer or leader under U.S.S.G. § 3B1.1; (3) **affirms** the district court's denial of an evidentiary hearing on the applicability of

the safety valve; (4) **affirms** the district court's denial of Rosales' motion for a downward adjustment for being a minor participant under U.S.S.G. § 3B1.2; and (5) **dismisses** Rosales' appeal of the district court's refusal to depart downward from the sentencing guidelines pursuant to U.S.S.G. § 5K1.1(a)(4), because it lacks jurisdiction to review this claim.

## II.    BACKGROUND

Noe Rosales was part of a drug conspiracy operating in California, Utah, and Oklahoma which involved more than five individuals.  The conspiracy operated from at least March 1996 to February 2001, although Rosales only pleaded guilty to participating in the conspiracy from December 2000 onward. Evidence in the record indicates that Rosales was second-in-command of the drug conspiracy, under his father's leadership.  Although in at least one instance Rosales had to seek his father's final authorization for pricing, Rosales generally set prices for the drugs, directed subordinates, and negotiated with customers.

In February 2001, Rosales personally authorized the sale of two pounds of methamphetamine in a recorded telephone conversation with a CI.  Prior to that, Rosales had negotiated with a Drug Enforcement Agency ("DEA") undercover agent and with the CI for the sale of an additional 965.5 grams of methamphetamine.

Rosales was indicted along with his co-conspirators for the unlawful distribution of methamphetamine and cocaine. Rosales entered into a plea agreement with the government in which the government stipulated that Rosales was a minor participant in the conspiracy. The plea agreement makes it clear, however, that the stipulation is not binding upon the sentencing court. Rosales pleaded guilty to one count of "Possession of a Controlled Dangerous Substance with Intent to Distribute" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Rosales' attorney argued at sentencing that Rosales was in danger of retaliation because his father cooperated with the government. The attorney argued that the court should grant Rosales a downward departure because of his fear of retaliation. The court did not grant the downward departure and sentenced Rosales to 168 months of imprisonment, 500 hours of drug abuse treatment, three years of supervised release, and a $5000 fine.

## III. DISCUSSION

This court reviews the factual findings of a district court regarding sentencing, including those findings supporting the imposition of upward or downward adjustments, for clear error. *See United States v. Valdez-Arieta*, 127 F.3d 1267, 1270 (10th Cir. 1997); *United States v. Pedraza*, 27 F.3d 1515, 1530 (10th Cir. 1994); *United States v. Ortiz*, 993 F.2d 204, 207 (10th Cir. 1993). This

court reviews *de novo*, but gives due deference to, the district court's application of the sentencing guidelines to the facts. *United States v. James*, 157 F.3d 1218, 1219 (10th Cir. 1998); *Valdez-Arieta*, 127 F.3d at 1270. This court reviews a district court's denial of a defendant's request for an evidentiary hearing on sentencing matters for an abuse of discretion. *See United States v. Wagner*, 994 F.2d 1467, 1473 (10th Cir. 1993).

### A. Two-level increase for being an Organizer or Leader under U.S.S.G. § 3B1.1(C)

Rosales argues that the district court committed clear error because it failed to make factual findings on the record when it imposed a two-level increase to Rosales' base offense level for being an organizer or leader under U.S.S.G. § 3B1.1. Rosales objected to the pre-sentence report's ("PSR") factual findings that supported its conclusion that he was an organizer or leader. To support a conclusion that a defendant is an organizer or leader, a district court must make specific findings on the record which describe the defendant's exercise of control or decision-making authority and which provide this court with a clear picture of the reasoning it employed in sentencing the defendant. *United States v. Spears*, 197 F.3d 465, 469 (10th Cir. 1999); *United States v. Wacker*, 72 F.3d 1453, 1477 (10th Cir. 1995). Such findings must be made even if the record overwhelmingly supports the enhancement. *Spears*, 197 F.3d at 469. This court must remand the

case for specific findings when a district court either fails to make specific findings to support its conclusion that a defendant is an organizer or leader or merely adopts the disputed factual findings and guideline application in the PSR. *Wacker*, 72 F.3d at 1477; *Pedraza*, 27 F.3d at 1530-31.

In this case, the district court failed to make factual findings when it concluded that Rosales was an organizer or leader. Instead, the district court referred to the PSR and the affidavit of Agent Katz, an undercover DEA agent, but did not point out the facts within these documents upon which it based its conclusion that Rosales was a leader or organizer.

Rosales argues that the record does not provide support for the district court's conclusion that he was an organizer or leader. Factors that can support an upward adjustment for being an organizer or leader include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, and the degree of control or authority exercised over others. *United States v. Anderson*, 189 F.3d 1201, 1211 (10th Cir. 1999). Evidence in the record does support a conclusion that some of these factors were present in this case. Given the district court's failure to make factual findings, however, this court is unable to review whether the court committed clear error in concluding that

Rosales is an organizer or leader within the meaning of U.S.S.G. § 3B1.1. *See United States v. Ivy*, 83 F.3d 1266, 1292 (10th Cir. 1996). Therefore, this court **remands** this issue to the district court to make specific factual findings to support its conclusion that Rosales is an organizer or leader under U.S.S.G. § 3B1.1. *Id.*

**B.      Base offense level predicated upon a finding that the offense involved an additional 907 grams of methamphetamine**

Rosales argues that the district court clearly erred in finding that his offense involved an additional 907 grams of methamphetamine, and thereby erred in increasing his base offense level under U.S.S.G. § 2D1.1. Rosales contends that the affidavit upon which the district court based this finding was uncorroborated hearsay without sufficient indicia of reliability. A district court can rely on hearsay in a sentencing proceeding. Fed. R. Evid. 1101(d)(3). Such hearsay must, however, bear adequate indicia of reliability. *U.S.S.G.* § 6A1.3(a); *Ortiz*, 993 F.2d at 207. Corroborating evidence in the record may give the hearsay statements adequate indicia of reliability. *Ortiz*, 993 F.2d at 207.

In this case, the district court based its finding that Rosales' offense involved an additional 907 grams of methamphetamine on the affidavit of DEA Agent Katz. This court agrees with the government that Agent Katz's affidavit contains sufficient indicia of reliability to be a proper basis for the district court's

factual finding that Rosales' offense involved an additional 907 grams of methamphetamine. Agent Katz is an experienced law enforcement officer who personally spoke to Rosales about the drugs and purchased the drugs from the enterprise. Rosales authorized the CI to sell 907 grams of methamphetamine in a recorded telephone conversation. This recorded telephone conversation, the transcripts of which were available to the district court at sentencing, corroborates Katz's affidavit with respect to the quantity of drugs involved in the offense. *See Ortiz*, 993 F.2d at 207-08. Thus, Katz's affidavit had sufficient indicia of reliability and the district court's factual finding that Rosales' offense involved an additional 907 grams of methamphetamine is not clearly erroneous. This court **affirms** the district court's determination that Rosales' base offense level is 34 pursuant to U.S.S.G. § 2D1.1.

C.     **Failure to decrease base offense level for being a minor participant under U.S.S.G. § 3B1.2**

Rosales argues that the district court erred in concluding that he was not a minor participant under U.S.S.G. § 3B1.2 because "there was substantial evidence in the record indicating that [] Rosales was . . . a minor participant," including a stipulation to that effect in his plea agreement. A defendant's role is minor if his actions in the enterprise made him substantially less culpable than the average participant. *U.S.S.G.* § 3B1.2, application n.3(A). A defendant is not entitled to a

downward adjustment under U.S.S.G. § 3B1.2, however, when his base offense level is predicated only on the drugs that he was personally involved in distributing, as opposed to those distributed by the conspiracy as a whole. *See James*, 157 F.3d at 1220. Furthermore, if a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under § 3B1.2 is not warranted. *U.S.S.G.* § 3B1.2, application n.3(B).

In this case, Rosales' plea agreement eliminated a 20-year minimum sentence and reduced his maximum sentence from life to 20 years. Because this fact precludes Rosales' qualification for a downward adjustment as a minor participant, this court **affirms** the district court's denial of Rosales' motion for a downward adjustment for being a minor participant under U.S.S.G. § 3B1.2.[1]

---

[1]The district court failed to make any factual findings to support its conclusion that Rosales was not a minor participant in the conspiracy. This court, however, merely relies on facts that demonstrate that Rosales does not qualify for an adjustment for being a minor participant in the first place. This court therefore need not rely upon a factual finding concerning the comparative quantity and gravity of Rosales' conspiratorial action. *See U.S.S.G.* § 3B1.2, application n.3(A). The district court's failure to make the requisite factual findings to support a substantive conclusion that Rosales' actions rendered him something other than a minor participant is therefore irrelevant to this court's disposition of this issue.

**D. Failure to grant an evidentiary hearing to determine eligibility for a decrease in base offense level pursuant to U.S.S.G. § 2D1.1(b)(6)**

Rosales argues that the district court abused its discretion by failing to grant the evidentiary hearing he requested to determine his eligibility for a downward adjustment pursuant to the safety valve criteria of U.S.S.G. § 2D1.1 (b)(6). The sentencing guidelines state that the parties must be given an adequate opportunity to present information to the court regarding disputed factors that are important to sentencing. *U.S.S.G.* § 6A1.3. An opportunity to present information is adequate in many cases if the defendant has *some* opportunity to be heard, even if only by means of statements of counsel or affidavits of witnesses. *See United States v. Rutter*, 897 F.2d 1558, 1566 (10th Cir. 1990). An evidentiary hearing may sometimes be necessary to resolve a dispute. *Id.* It is within the sentencing court's discretion to determine the appropriate procedure in light of the nature of the dispute. *See id.*

In this case, Rosales had the opportunity to present evidence under U.S.S.G. § 2D1.1 (b)(6) at sentencing, and he chose not to do so. In addition, Rosales' counsel made the safety valve arguments to the district court in Rosales' Sentencing Memorandum. Therefore, Rosales had an adequate opportunity to present information to the district court regarding the disputed factors that are

-10-

important to sentencing under the safety valve provision. *See Rutter*, 897 F.2d at 1566.[2]

Because Rosales had an adequate opportunity at sentencing to present evidence regarding the relevant disputed factors and chose not to, this court holds that the district court did not abuse its discretion when it denied Rosales a separate evidentiary hearing to determine his eligibility for a downward adjustment pursuant to U.S.S.G. § 2D1.1 (b)(6). *See Rutter*, 897 F.2d at 1566. This court therefore **affirms** the district court's denial of the evidentiary hearing.

### E.    Downward departure based on fear of retaliation

Rosales argues that the district court committed clear error when it found that he was not in danger of retaliation and thus concluded that he is ineligible for a downward departure pursuant to U.S.S.G. § 5K1.1(a)(4). This court does not have jurisdiction to review a district court's refusal to depart from the sentencing guidelines, either downward or upward, unless the court refused to depart because it interpreted the guidelines to deprive it of the authority to do so. *United States v. Busekros*, 264 F.3d 1158, 1159 (10th Cir. 2001). Jurisdiction to review is not conferred on this court by a district court's mere statement that it does not have

---

[2]In addition, the district court concluded that Rosales was a leader or organizer. Because the district court did not make the requisite factual findings when it concluded that Rosales was a leader or organizer, however, this court does not rely on this determination in concluding that the district court did not abuse its discretion when it denied Rosales an evidentiary hearing.

the authority to depart from the guidelines based on the defendant's specific circumstances. *United States v. Miranda-Ramirez*, 309 F.3d 1255, 1258 (10th Cir. 2002).

In this case, nothing in the record indicates that the district court interpreted the guidelines to deprive it of the authority to depart pursuant to U.S.S.G. § 5K1.1(a)(4). In fact, the district court denied the downward departure based on Rosales' particular circumstances. This court therefore **dismisses** Rosales' appeal of the district court's refusal to depart from the guidelines pursuant to U.S.S.G. § 5K1.1(a)(4) for a lack of jurisdiction. *Busekros*, 264 F.3d at 1159.

## IV. CONCLUSION

For the foregoing reasons, this court **AFFIRMS** the district court's sentencing order in part, **REMANDS** this case to the district court for it to make specific factual findings on the organizer or leader issue, and **DISMISSES** Rosales' appeal under U.S.S.G. § 5K1.1(a)(4) for lack of jurisdiction.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge