**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 03-1246 |
| v. | (D. Colorado) |
| ERNEST NORMAN SHAIFER, also known as Hanif, | (D.C. No. 02-CR-217-RB) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge, and **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ernest Norman Shaifer a/k/a Hanif [1] pled guilty to one count of forcibly assaulting and injuring by means of a dangerous weapon the chaplain at the Federal Penitentiary in Florence, Colorado, in violation of 18 U.S.C. § 111(a)(1), (b). Prior to sentencing, Shaifer filed a motion for downward departure based on diminished mental capacity, pursuant to United States Sentencing Commission, Guidelines Manual ("USSG"), §5K2.13 (Nov. 2002). The district court denied Shaifer's motion for downward departure and sentenced him to ninety-six months imprisonment, followed by three years of supervised release.

Shaifer's appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), because he has concluded that this appeal is "wholly frivolous, after a conscientious examination of it," id. at 744, and he has so advised this court and requests permission to withdraw as counsel. Shaifer has filed a pro se supplement to the Anders brief. After carefully reviewing the record, we agree with Shaifer's counsel that this appeal presents no non-frivolous issues, so we grant counsel's request to withdraw and we affirm Shaifer's sentence.

---

[1] Shaifer apparently also uses the surname Brown.

## BACKGROUND

Shaifer was an inmate at the Federal Penitentiary in Florence, Colorado. He worked at the Penitentiary chapel. George Kendall Hughes was employed by the Bureau of Prisons as chaplain at the Penitentiary. On January 31, 2002, Shaifer entered the chapel and stabbed Hughes in the head and chest without warning or conversation, using a homemade shank. Hughes was taken to a hospital for stitches and released the same day.

Shaifer was indicted by a grand jury and initially pled not guilty. He thereafter negotiated a plea agreement and, in a change of plea hearing, withdrew his plea of not guilty and pled guilty to the count with which he had been charged. The record of that change of plea hearing reveals that Shaifer participated fully in the proceeding and the district court found he "voluntarily, knowingly, intelligently, and intentionally" withdrew his earlier plea and "has now entered a plea of guilty to Count 1." Tr. at 24, R. Vol. III.

Prior to sentencing, Shaifer filed a motion for downward departure based on diminished mental capacity, pursuant to USSG §5K2.13. Included with that motion was a forensic evaluation conducted by Dr. Doris C. Gundersen, in which she concluded that Shaifer had an untreated bipolar disorder which had "contributed to Mr. Shaifer's past antisocial behavior and will continue to interfere with his ability to adopt the degree of prosocial behavior necessary for

advancement in the penal system." Presentence Investigation Report ("PSR"), Addendum Ex. A at 17. He also included a letter from Dr. William Hansen, in which Dr. Hansen expressed the opinion that "[a]t the present time, it appears possible (and perhaps even probable) that Mr. Shaifer has a bipolar mood disorder." Id. at Ex. B. At the sentencing hearing, Dr. Gundersen testified about her diagnosis of Shaifer.

Section 5K2.13 provides in pertinent part as follows:

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the appli the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public . . . .

USSG §5K2.13. Despite the existence of strong indications that Shaifer suffers from a bipolar mood disorder which "more likely than not" played a substantial role in Shaifer's attack on Hughes, the court found that "the facts and circumstances of this offense indicate the need to protect the public . . . because this offense involved actual serious violence." Tr. at 119, 120, R. Vol. II. The court also found that "the defendant's criminal history indicates a need to incarcerate him to protect the public." Id. at 120. The court therefore denied the motion for downward departure and sentenced Shaifer to ninety-six months imprisonment.

Shaifer appeals, arguing the court erred in refusing to depart downward pursuant to section 5K2.13, that the court erred in failing to order a competency evaluation of him, and that his trial counsel were ineffective in failing to seek a competency evaluation. [2]

## DISCUSSION

### I. Downward Departure

"We 'cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so.'" United States v. Busekros, 264 F.3d 1158, 1159 (10th Cir. 2001) (quoting United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999) (collecting cases)); see also United States v. Brown, 316 F.3d 1151, 1154 (10th Cir. 2003). The district court in this case recognized its authority to depart downward under section 5K2.13, applied that section to the facts of this case and to Shaifer's offense, and "simply declined, on those facts, to enter the requested departure."

---

[2]Shaifer's current appointed counsel addresses all three issues in his Anders brief. Shaifer's pro se supplement to that brief argues only the two issues involving a competency determination. In the interest of thoroughness, we address all three.

-5-

Id. We therefore lack jurisdiction to review the court's decision not to depart downward.

## II. Failure to Order Competency Evaluation

"A competency claim by a criminal defendant may implicate both substantive and procedural due process." Gilbert v. Mullin, 302 F.3d 1166, 1178 (10th Cir. 2002). "'A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, . . . while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent.'" Id. (quoting McGregor v. Gibson, 248 F.3d 946, 952 (10th Cir. 2001) (en banc)). The same standard applies to a guilty plea. Shaifer appears to raise primarily a procedural competency claim, arguing the district court erred in failing to have a competency evaluation done, presumably before Shaifer entered his guilty plea.

To prevail on a procedural competency claim, Shaifer must "establish that a reasonable judge should have had a bona fide doubt as to his competence at the time [of his guilty plea]." Id. (further quotation omitted). Further:

> We view the evidence in the record objectively, from the standpoint
> of a reasonable judge presiding over petitioner's case at the time of
> trial. A petitioner establishes a bona fide doubt if he shows that a
> reasonable judge should have doubted whether petitioner had
> "sufficient present ability to consult with his lawyer with a
> reasonable degree of rational understanding" and whether petitioner

had "a rational as well as factual understanding of the proceedings against him."

McGregor, 248 F.3d at 954 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). The record in this case is completely devoid of any indication that Shaifer was unable to consult with his lawyer or that he lacked a rational and factual understanding of the proceedings against him.

Shaifer suggests in his supplement to the Anders brief that there was a hearing before he changed his plea from not guilty to guilty, in which there was apparently a discussion of potential defense strategies. He alleges that the district court judge stated that Shaifer's proposed defense was a "hybrid duress-insanity defense," Defendant-Appellant's Anders Br. Supp. at 2, to which the government attorney allegedly responded that, in light of that proposed defense, the government might seek a competency evaluation. [3] That exchange does not convince us that the district court judge had, or should have had, any question about Shaifer's competency to stand trial or to plead guilty. It simply suggests that, had the case proceeded to trial, the defense might have involved some sort of mental capacity defense, presumably similar to the diminished capacity downward departure Shaifer sought at sentencing.

---

[3]The record contains no transcript of the proceeding in which these statements allegedly were made.

Moreover, to the extent Shaifer argues a substantive competency claim—i.e., that he was incompetent when he entered his change of plea, the record of that proceeding contains nothing suggesting he was incompetent. Further, the district court specifically found him competent at the end of that proceeding, and there is no error in that finding. [4]

### III. Trial Counsel's Effectiveness

On August 5, 2003, Shaifer's court-appointed assistant public defender, Virginia Grady, sought to withdraw as appellate counsel, stating her

---

[4]The district court found as follows at the conclusion of the change of plea hearing:

> On this record considered as a whole, I enter the following findings of fact, conclusions of law and orders. That the defendant understands the charge filed and pending against him, which is the charge made the focus of his proposed plea agreement. . . . That Mr. Shaifer today is alert, competent, and sober, not now under the influence of or impaired by drugs, narcotics, marijuana, alcohol or medications.

> That the defendant understands each and every term and provision in his plea agreement . . . . That he has reviewed those plea agreement documents in their entirety, carefully and thoroughly, with his counsel.

> That Mr. Shaifer has now voluntarily, knowingly, intelligently, and intentionally withdrawn his earlier plea of not guilty to Count 1, and has now entered a plea of guilty to Count 1.

Tr. at 24, R. Vol. III.

understanding that Shaifer's appeal was primarily for the purpose of pursuing a claim of ineffective assistance of counsel by Ms. Susan Cushman, formerly a member of the federal public defender's office, who represented Shaifer during the presentence portions of his case. Shaifer's supplement to the Anders brief makes it clear that he argues on appeal that both Ms. Cushman and Ms. Grady were ineffective in failing to order a competency evaluation for him.

"Generally, we will not resolve an ineffective assistance of counsel claim on direct appeal when the claim has not been raised before the district court." United States v. Montoan-Herrera, 351 F.3d 462, 465 (10th Cir. 2003) (citing United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). "An exception to the rule exists when 'the record is sufficient, or where the claim simply does not merit further factual inquiry.'" Id. (quoting United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)). We will review Shaifer's claim of ineffective assistance of counsel on direct appeal "because it does not merit further factual inquiry and the record is sufficient to address his claim." Id.

To establish ineffective assistance of counsel, Shaifer must show that counsel's performance was deficient and that the deficient performance prejudiced him. Shaifer fails to show deficient performance. We have already held that the record reveals nothing demonstrating that Shaifer was incompetent to negotiate the plea agreement and plead guilty. To the contrary, the record

reveals that he fully participated in the proceedings, with complete understanding of the charges against him. His counsel was therefore not ineffective in failing to have a competency evaluation performed.

## CONCLUSION

For the foregoing reasons, we GRANT appointed counsel's motion to withdraw as counsel and we AFFIRM Shaifer's sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge